FILED ___ ENTERED
RECEIVED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

**NOV 2 3 2011**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### RENO, NEVADA

ERIC JOHNSON,                          )       3:09-cv-00574-ECR-RAM
                                       )
     Plaintiff,                       )
                                       )
vs.                                    )       <u>Order</u>
                                       )
DEBELL WINDOW SYSTEMS, INC.,           )
                                       )
     Defendant.                       )
                                       )
_____)

Defendant has filed a Motion (#18) to Set Aside Entry of Default.  Plaintiff has not filed an opposition to Defendant's Motion (#18).

Plaintiff filed a complaint with the Nevada Equal Right's Commission on or about October 19, 2007, alleging discrimination because of a claimed disability. (Ex. 1 (#18).)  On October 16, 2008, the Equal Rights Commission issued a notice closing the matter because it concluded that "the evidence presented did not meet the legal criteria for establishing that discriminatory acts occurred." (Ex. 3 (#18).)

On September 29, 2009, Plaintiff filed the complaint (#1) in this action.  On January 27, 2010, Plaintiff filed a summons, which was issued (#3) by the Clerk of the Court on that date.  On January 28, 2010, the summons and complaint were served upon Defendant's

resident agent Richard Hill ("Hill"). Hill had the summons and complaint delivered to Defendant via Reno-Carson Messenger Service.

The delivery was received by an employee named Vicki Christy, who was terminated approximately three weeks after signing for Hill's delivery.  Defendant has attached affidavits by Alisanne R. Steele ("Steele"), Debell Window Systems, Inc.'s controller, and William P. D'Andrea ("D'Andrea"), president and sole shareholder of Debell Window Systems, Inc., declaring that neither were provided with the summons and/or the complaint.

Steele and D'Andrea did, however, receive other complaints filed by Plaintiff, including a workmen's compensation claim, a claim for unemployment benefits, and the Nevada Equal Rights Commission claim, all of which were allegedly fully and vigorously defended against.

On April 10, 2010, Plaintiff filed a Motion (#10) for Entry of Clerk's Default.  On April 14, 2010, the Clerk entered default (#11).  No further action was taken until the Clerk entered a Notice (#13) Regarding Intent to Dismiss for Want of Prosecution Pursuant to Local Rule 41-1 on January 21, 2011.  On February 22, 2011, Plaintiff filed a Motion for Default Judgment (#14).  On June 20, 2011, this Court entered an Order (#15) setting Plaintiff's Motion for Default Judgment (#14) for a hearing.  The Court further ordered that Plaintiff shall mail notice of the hearing to Hill, the resident agent for Defendant.

This Order (#15) was forwarded to Defendant by Hill, and this was apparently the first occasion on which Defendant became aware of the present action.  The parties stipulated to vacate the hearing,

2

1  but Plaintiff would not agree to voluntarily set aside the entry of

2  Clerk's default, and this motion followed.

3       Federal Rule of Civil Procedure 55(c) provides that a court may

4  set aside an entry of default "for good cause."  In analyzing good

5  cause, we must consider "(1) whether the defaulting party engaged in

6  culpable conduct leading to the default; (2) whether vacating the

7  entry of default would prejudice the plaintiff; and (3) whether the

8  defaulting party has a meritorious defense."  Rapaport v. Soffer,

9  No. 2:10-cv-00935-KJD-RJJ, 2011 WL 9324, at *1 (D. Nev. Jan. 3,

10  2011) (citing Franchise Holding II, LLC. v. Huntington Restaurants

11  Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004)).  "As these factors

12  are disjunctive, the district court was free to deny the motion 'if

13  any of the three factors was true.'" Franchise Holding, 375 F.3d at

14  926 (citing American Ass'n of Naturopathic Physicians v. Hayhurst,

15  277 F.3d 1104, 1108 (9th Cir. 2000)).

16       Defendant argues that it is free from culpable conduct because

17  the document was received by a problem employee who was terminated

18  shortly thereafter.  Defendant cites cases in which employees left

19  the company, or lost or misdirected the complaint without giving

20  notice to the employer, and courts set aside the entry of default

21  for good cause shown.  See, e.g., Hilla v. Keystone Shipping Co.,

22  No. 10-14881, 2011 WL 219578 (E.D. Mich. Jan. 24, 2011); Rowkosky v.

23  Moran, 3:CV-05-0583, 2009 WL 166687 (M.D. Pa. Jan 21, 2009).

24  However, Defendant cannot deny that service of process was properly

25  effected on the resident agent of Debell Window Systems, Inc., and

26  we cannot find that there is no culpability, or at least some

27

28                                    3

1  responsibility, on the part of Defendant after proper service of
2  process on its resident agent.
3      The remaining factors, however, are in favor of setting aside
4  the entry of default in this case.  Plaintiff has failed to file an
5  opposition, despite service on Plaintiff's attorney and a Notice
6  (#20) filed by Defendant of non-opposition.  Local Rule 7-2(d)
7  provides that the failure of an opposing party to file points and
8  authorities in response to a motion shall constitute consent to the
9  granting of the motion.  The failure to oppose lends credence to the
10 argument that Plaintiff will not suffer prejudice due to the
11 granting of this motion.  In addition, Defendant argues that
12 Plaintiff was dilatory in pursuing this matter.  Defendant claims
13 that Plaintiff missed the filing deadline by more than 250 days, and
14 then waited until the final (120th) day before serving the
15 complaint.  After the entry of clerk's default, he further sat on
16 the matter for another nine months. The passage of time since the
17 filing of the complaint is, in part, Plaintiff's responsibility, and
18 we therefore find that setting aside the default will not prejudice
19 Plaintiff, who has not opposed the Motion (#18).
20     In addition, "[t]he law favors deciding a case on its merits.
21 Thus, a default judgment is appropriate only in extreme
22 circumstances.  Further, it is established that setting aside fault
23 is remedial in nature and should be applied liberally."  Rapaport,
24 2011 Wl 9324 at *1 (internal citations omitted).  Defendant asserts
25 that it has a meritorious defense, first and foremost because
26 Plaintiff's complaint was untimely, and because Defendant can
27
28                                   4

1  allegedly prove that Plaintiff was terminated due to performance
2  problems.

3      Despite some responsibility on the part of Defendant, we find
4  that the entry of default should be set aside because Defendant has
5  shown that the failure to respond was inadvertent rather than
6  willful, and because the other two factors, whether Plaintiff will
7  be prejudiced, and whether Defendant has a meritorious defense, are
8  in favor of Defendant.  This is not a case in which Defendant
9  engaged in dilatory tactics or evinced an intent to avoid defending
10 the lawsuit.

11

12     **IT IS, THEREFORE, HEREBY ORDERED** that Defendant's Motion (#18)
13 to Set Aside Entry of Default is **GRANTED**.

14

15

16 DATED: November  **23** , 2011.

17

18     _Edward C. Reed_
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28          5